# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY FRISCO; AND CUTHBERT
E.A. MACK,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE RONALD J.
ISRAEL, DISTRICT JUDGE,
Respondents,
and
RUSSELL JACOBY; CAMELIA JACOBY;
AND DESERT LAND INVESTMENT
COMPANY, LLC,
Real Parties in Interest.

No. 69144

**FILED**

MAR 1 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order imposing sanctions on petitioners Anthony Frisco and Cuthbert E.A. Mack.[1] Real parties in interest have filed an answer, and petitioners have filed a reply.

In the underlying case, real parties in interest sought sanctions against petitioners for prematurely serving a subpoena, improperly obtaining real parties in interest's bank account numbers, and using those account numbers in a subsequent subpoena. The district court granted the motion and imposed monetary sanctions on petitioners.

---

[1]We deny petitioners' alternative request for a writ of prohibition because the district court did not act in excess of its jurisdiction. NRS 34.320.

16-08644

NRCP 11 requires parties seeking sanctions to follow very specific procedures. In particular, NRCP 11(c)(1)(A) requires the movant to allow the opposing party 21 days to withdraw or correct the violation before filing a motion for sanctions. There is no evidence here that real parties in interest afforded petitioners 21 days to correct the specified errors. Thus, the sanctions were not properly granted under NRCP 11.

Regardless, the specific conduct sanctioned does not appear to warrant sanctions. In particular, monetary sanctions do not appear to be warranted against a party who, while pro se, failed to comply with NRCP 62(a) by not serving a notice of entry of judgment and waiting the required ten days before serving a subpoena to execute on the judgment, especially where the subject bank did not respond to the subpoena. And real parties in interest did not present any evidence that Mack knew or should have known that bank account numbers were improperly obtained before his serving the subpoena. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its July 16, 2015, "Order Regarding Rule 11 Violation."

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Ronald J. Israel, District Judge
Cuthbert E.A. Mack
Benjamin B. Childs
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A